Wanda Elaine BOHLING (Rost), Plaintiff-Appellant,

v.

Vern Dean BOHLING, Defendant-Respondent.

No. 25381.

Kansas City Court of Appeals, Missouri.

Dec. 7, 1970.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 1971.

Application to Transfer Denied April 12, 1971.

Alex Bartlett, Hendren & Andrae, Jefferson City, for appellant.

Byron L. Kinder, Jefferson City, for respondent.

FLOYD L. SPERRY, Special Commissioner.

This appeal is by plaintiff, Wanda Elaine Bohling, mother of four sons, born of the marriage between her and defendant, Vern Dean Bohling. The appeal is from a judgment denying her motion to modify that part of a decree of divorce entered September 13, 1968, whereby defendant was given custody of Kim, Kerry, Kirk and Klark Bohling, minor sons of the plaintiff.

Plaintiff remarried within about two months after the divorce was granted. Her name is now Rost.

In the divorce decree she was given certain visitation rights. In the instant action, the court modified the decree in regard to visitation rights. Neither party complains of this modification.

Plaintiff rests her plea for a modification of the decree to give her custody, with visitation privileges to defendant, on the stated ground that there are changed conditions making it proper that such modification be made, that there are material facts that were unknown or concealed at the divorce trial, and that the best interests of the children require that she be granted custody.

This transcript consists of more than two hundred pages. The court was liberal in permitting the defendant to offer testimony presenting fully the facts relative to the manner in which he is rearing and training the children, and plaintiff was permitted to offer testimony covering her present station in life and her qualifications to have custody of the children.

Plaintiff testified to the effect that she married a Mr. Rost in November, 1968, after the divorce decree was granted in September; that they lived in a four-bedroom, modern, air conditioned house, in Jefferson City; that there are no other children living in that house. The evidence was that both plaintiff and her husband work and that their income is ample to furnish a good home for the children. Mr. Rost had previously been married and his former wife secured a divorce from him and was granted custody of their children.

Plaintiff claims that the fact that she was remarried supports her contention of a changed condition bearing on custody. It is a matter that may be considered in determining that question; but remarriage of either party, in principle, is not, *of itself* sufficient reason for a court to order a change in custody. 24 Am.Jur.2d, Divorce and Separation, Sec. 821, page 933. Once the issue of the welfare of a child has been submitted to the court, that

court must make such orders as are proper to accomplish such welfare. Sanders v. Sanders, 223 Mo.App. 834, 14 S.W.2d 458.

Defendant is a lieutenant in the National Guard and his duties are chiefly performed in the area of Jefferson City, except that, annually, he is required to train for two weeks in other areas. His salary is $9,-300.00 per year. He lives, with the children, in a modern, three-bedroom home in Jefferson City. It is jointly owned by the parties and was, prior to divorce, their home. Defendant's mother, in her early sixties, lives in this home and cares for the children. Her home, and that of her husband, defendant's father, is at Cole Camp, near Jefferson City, where both of these parties formerly lived. Two neighbor women, one living next door and the other two doors away, stated that they see the children practically daily, that they are well fed, clothed, kept clean and that they attend church and Sunday school with defendant. The three older ones are in school.

Plaintiff contended that she was not permitted to have the children in her home for visits as often as she should have been. However, there was testimony to the effect that plaintiff had the children with her on more occasions than she admitted. There was also testimony to the effect that plaintiff had telephoned to the home of defendant many, many times, sometimes three time in one day, and many times each week, asking to talk to the children. The court admonished plaintiff that these telephone calls had to stop, "Now you can't call up every day or two times a day * * * you can't do it. It disturbs their household and it disturbs the children."

Defendant testified to the effect that plaintiff is an excessive drinker of alcoholic beverages; that she has telephoned and asked to talk to the children at times when she was thick-tongued and her mind was muddled. Defendant has, at times, refused to permit her to have the children because of this fact. There was also testimony to the effect that she has, *prior* to the divorce, been intimate with men other than defendant.

In the divorce case, Special Judge Paul E. Carver presided and entered judgment denying plaintiff's petition for divorce, and granting defendant a divorce on his cross-bill. Custody of the children was given to defendant but plaintiff was given certain visitation rights. This decree was entered September 13, 1968. Less than a year later plaintiff filed this motion for modification. Circuit Judge Riley, of Cole County, heard the evidence. Judge Riley found the issue of custody in favor of defendant and against plaintiff, just as Judge Carver had done.

The presumption is that the trial court was motivated by what the court believed would best serve the interests of the children involved, and that, in reaching his decision he considered all of the evidence, and that his findings were based solely upon the evidence adduced. Brooks v. Division of Children's Services, Mo.App., 411 S.W.2d 276, 281.

The burden of proof is upon one seeking a transfer of custody of a child to establish facts justifying same. The trial court found that there were not such changes of conditions so as to justify a change of custody. The trial court has a wide discretion in such matters and the judgment should not be disturbed on appeal unless, upon the whole record, there was an abuse of discretion. We cannot say that the trial judge in this case abused his discretion.

The judgment is fully supported by the record and the judgment is right and just.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, Special Commissioner, is adopted as the opinion of the Court. All concur.